IN THE DISTRICT COURT IN AND FOR
THE DISTRICT OF NEW HAMPSHIRE

CHRISTINE BRADBURY,

     Plaintiff,                          Case No.

vs.

EQUIFAX INFORMATION SERVICES, LLC,
TRANS UNION, LLC, NATIONAL CREDIT
ADJUSTERS, LLC, KAY JEWELERS, INC., AND
H&P CAPITAL, INC.

     Defendants.
_____/

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.     This is an action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the New Hampshire Consumer Credit Reporting Act ("NHCCRA"), N.H. Rev. Stat. § 359-B *et seq.*, the New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act ("UDUCPA"), N.H. Rev. Stat. § 358-C *et seq.*, and the New Hampshire Consumer Protection Act ("NHCPA"), N.H. Rev. Stat. § 358-A *et seq.*

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4.      Plaintiff, Christine Bradbury ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Hampshire, County of Rockingham, and City of Londonderry.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c), 15 U.S.C. § 1692a(3), N.H. Rev. Stat. § 359-B:3(III),  N.H. Rev. Stat. § 358-C:1(I) and a "debtor" as defined by N.H. Rev. Stat. §  358-C:1(VII).

6.      Defendant, Equifax Information Services, LLC ("Equifax"), is a for-profit foreign corporation authorized to do business in the State of New Hampshire, and is engaged in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of reporting or furnishing consumer reports to third parties.

7.      Equifax uses a means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

8.      Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and N.H. Rev. Stat. § 359-B:3(VI).

9.      Defendant, TransUnion, LLC ("TransUnion"), is a for-profit foreign corporation authorized to do business in the State of New Hampshire, and is engaged in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of reporting or furnishing consumer reports to third parties.

10.      TransUnion uses a means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

11.      TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and N.H. Rev. Stat. § 359-B:3(VI).

2

12.     Defendant, Kay Jewelers ("Kay") is an entity that at all relevant times was enforcing or attempting to enforce an obligation by a consumer as a result of a consumer credit transaction as defined by N.H. Stat. § 358-C:1(III).

13.     Kay is a "person" as defined by 15 U.S.C. § 1681a(b).

14.     Kay is a "debt collector" as defined by N.H. Rev. Stat. § 358-C:1(VIII).

15.     Defendant, National Credit Adjusters, LLC ("NCA") is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), and as a result of a "consumer transaction" as defined by N.H. Rev. Stat. § 358-C:1(III).

16.     NCA uses a means or facility of interstate commerce for the purpose of furnishing information to consumer reporting agencies.

17.     NCA is a "person" as defined by 15 U.S.C. § 1681a(b).

18.     NCA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and N.H. Rev. Stat. § 358-C:1(VIII).

19.     Defendant, H&P Capital, Inc. ("H&P") is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), and as a result of a "consumer transaction" as defined by N.H. Rev. Stat. § 358-C:1(III).

**FACTUAL ALLEGATIONS**

20.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than NCA and H&P—namely Kay.

21.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than NCA and H&P, arises from a transaction in which the money,

property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

22.     NCA and H&P use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

23.     Prior to August, 2010, Plaintiff incurred an alleged debt (the "Debt") with Kay.

24.     In connection with the collection of the Debt, Kay sent Plaintiff written communication dated August 18, 2010, which stated that Plaintiff owed the amount of $4,555.69.  (Kay August 18, 2010 letter, attached as Exhibit A).

25.     In the August 18, 2010 letter, Kay offered Plaintiff two options to "settle" the Debt: (1) to make a lump sum payment in the amount of $1,594.49 or (2) nine consecutive monthly payments of $227.78.  (Exhibit A).

26.     Kay's August 18, 2010 communication also provided that if Plaintiff failed to "respond to [the offer] within 15 days, [Plaintiff's] account [would] be placed with a 3rd party collection agency."  (Exhibit A).

27.     On August 31 2010, Plaintiff accepted the offer from Kay to settle the Debt for one lump sum of $1,594.49, by completing the settlement offer form and sending Kay a check for the same amount. (See Kay Settlement Offer, attached as Exhibit A); (See Copy of Executed Check, attached as Exhibit B).

28.     Kay cashed Plaintiff's check on September 3, 2010.  (Exhibit B).

29.     Despite the settlement agreement, Kay placed the Debt with a third-party debt collector.

30.     On or about February 22, 2012, a third-party debt collector, NCA, began reporting the Debt on Plaintiff's TransUnion, Equifax, and Experian credit reports as a collection account in the amount of $4,723.  (See Plaintiff Three-Source Credit Report, attached hereto as Exhibit "C").

31.     Upon information and good-faith belief, NCA hired H&P to attempt to collect the Debt from Plaintiff.

32.     In or about March 2012, H&P began leaving Plaintiff voicemails in connection with the collection of the Debt.

33.     In response, Plaintiff called H&P to inquire about the voicemails.

34.     During the ensuing conversation, H&P informed Plaintiff that the Debt balance was approximately $5,000 and that if Plaintiff failed to pay the entire balance, H&P would garnish Plaintiff's wages until the Debt was paid in full.

35.     By indicating that Plaintiff still owed the Debt, H&P falsely represented the character and amount of the Debt.

36.     Plaintiff did not receive any written communication from H&P.

37.     H&P failed to provide Plaintiff the written notices required pursuant to 15 U.S.C. § 1692g(a).

38.     Upon information and good-faith belief, the Debt has not been reduced to a judgment.

39.     Because the Debt has not been reduced to a judgment, H&P did not have a right to garnish Plaintiff's wages.

40.     Accordingly, by threatening to garnish Plaintiff's wages, H&P made a threat to take an action that it could not legally take.

41.     On or about March 20, 2012, Kay reported the status of the Debt on Plaintiff's TransUnion, Equifax, and Experian credit reports as "Collection/Charge Off."  (See Exhibit C)

42.     On or about August 15, 2012, Plaintiff sent Equifax and TransUnion a written communication disputing the reporting of the Debt.  (Dispute Letters, attached hereto as Exhibit "D").

43.     In said disputes, Plaintiff informed Equifax and TransUnion that the Debt was settled.  (Exhibit "D").

44.     In said disputes, Plaintiff also provided Equifax and TransUnion a copy of the settlement offer from Kay, a copy of the check Plaintiff mailed to Kay, and an image of that check being withdrawn from her bank account.  (*See* Exhibit "D").

45.     In response to Plaintiff's dispute, TransUnion sent Plaintiff written communication dated September 18, 2012, and in such communication, stated that the entry reported by NCA was verified as accurate.  (See September 18, 2012 TransUnion Investigation Results, attached as Exhibit E).

46.     NCA failed to fully and properly investigate Plaintiff's dispute of the reporting of inaccurate information about Plaintiff to credit reporting agencies by failing to review all relevant information about same and by failing to accurately respond to TransUnion.

47.     By verifying the entry, NCA falsely represented the character and amount of Plaintiff's alleged debt in its report to TransUnion.

48.     By verifying the entry, NCA communicated credit information to TransUnion that it knew or should have known to be false.

49.     Although Plaintiff disputed the Debt, which was being inaccurately reported by both NCA and Kay, TransUnion failed to conduct an investigation into Kay's reporting of the Debt.  (See Exhibit D).

50.     By failing to adequately investigate Plaintiff's NCA dispute and failing to investigate Plaintiff's Kay dispute, TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

51.     In response to Plaintiff's dispute, Equifax sent Plaintiff written communication dated September 19, 2012, and in such communication, stated that the entry reported by NCA was verified as accurate.  (See September 19, 2012 Equifax Investigation Results, attached as Exhibit F).

52.     NCA failed to fully and properly investigate Plaintiff's dispute of the reporting of inaccurate information about Plaintiff to credit reporting agencies by failing to review all relevant information about same, by failing to accurately respond to Equifax.

53.     NCA falsely represented the character and amount of Plaintiff's alleged debt in its report to Equifax and TransUnion.

54.     NCA communicated credit information to Equifax and TransUnion that it knew or should have known to be false.

55.     In response to Plaintiff's dispute regarding the Kay entry, Equifax sent Plaintiff written communication dated September 19, 2012 stated: "This creditor is currently reporting a zero balance for this account.  Please be advised that transferred and sold accounts are considered as closed" and that the charge off amount was "$4,555."  (Exhibit E).

56.     By failing to adequately investigation Plaintiff's NCA dispute and failing to contact Kay regarding Plaintiff's Kay dispute, Equifax failed to establish or follow reasonable procedure to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

57.     In the alternative, in response to Plaintiff's dispute, Equifax contacted Kay to determine whether the reporting was accurate, and Kay verified the reporting as accurate.

58.     Kay failed to fully and properly investigate Plaintiff's dispute of the reporting of inaccurate information about Plaintiff to credit reporting agencies by failing to review all relevant information about same and by failing to accurately respond to Equifax.

**COUNT I**
**VIOLATIONS OF 15 U.S.C. § 1681e(b)**
**AGAINST EQUIFAX**

59.     Plaintiff repeats and re-alleges each and every allegation above.

60.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

61.      As a result of this conduct, action, and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

62.     Equifax's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Equifax violated 15 U.S.C. § 1681e(b);

b)  Awarding Plaintiff actual or statutory damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d)  Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATIONS OF 15 U.S.C. § 1681i**
**AGAINST EQUIFAX**

63.     Plaintiff repeats and re-alleges each and every allegation above.

64.     Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to provide Plaintiff notice in writing within five days after reinserting the failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

65.     As a result of this conduct, actions, and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

66.      Equifax's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Equifax violated 15 U.S.C. § 1681i;

b)  Awarding Plaintiff actual or statutory damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d)  Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF N.H. REV. STAT. § 359-B:7
## AGAINST EQUIFAX

67.     Plaintiff repeats and re-alleges each and every allegation above.

68.     Equifax violated N.H. Rev. Stat. § 359-B:7 by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

69.      As a result of this conduct, action, and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

70.     Equifax's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to N.H. Rev. Stat. § 359-B:16.

71.     In the alternative, it was negligent, entitling Plaintiff to recover under N.H. Rev. Stat. § 359-B:17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Equifax violated N.H. Rev. Stat. § 359-B:16;

b) Awarding Plaintiff actual or statutory damages, pursuant to N.H. Rev. Stat. § 359-B:16(I); N.H. Rev. Stat. § 359-B:17(I);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. § 359-B:16(III); N.H. Rev. Stat. § 359-B:17(II);

d) Awarding Plaintiff punitive damages, pursuant to N.H. Rev. Stat. § 1359-B:16(II);

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF N.H. REV. STAT. § 359-B:11
## AGAINST EQUIFAX

72.    Plaintiff repeats and re-alleges each and every allegation above.

73.    Equifax violated N.H. Rev. Stat. § 359-B:11 on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

74.    As a result of this conduct, actions, and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

75.     Equifax's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to N.H. Rev. Stat. § 359-B:16.

76.    In the alternative, it was negligent, entitling Plaintiff to recover under N.H. Rev. Stat. §359-B:17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Equifax violated N.H. Rev. Stat. § 359-B:11;

b)  Awarding Plaintiff actual or statutory damages, pursuant to N.H. Rev. Stat. § 359-B:16(I); N.H. Rev. Stat. § 359-B:17(I);

c)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. § 359-B:16(III); N.H. Rev. Stat. § 359-B:17(II);

d)  Awarding Plaintiff punitive damages, pursuant to N.H. Rev. Stat. § 1359-B:16(II);

e)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATIONS OF 15 U.S.C. § 1681e(b)
## AGAINST TRANSUNION

68.     Plaintiff repeats and re-alleges each and every allegation contained above.

69.     TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

77.      As a result of this conduct, action, and inaction of TransUnion, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

70.     TransUnion's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

71.     In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that TransUnion violated 15 U.S.C. § 1681e(b);

b)  Awarding Plaintiff actual or statutory damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d)  Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT VI**
**VIOLATIONS OF 15 U.S.C. § 1681i**
**AGAINST TRANSUNION**

78.  Plaintiff repeats and re-alleges each and every allegation above.

79.  Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct a lawful investigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

80.  As a result of this conduct, actions, and inaction of TransUnion, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

81.   TransUnion's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

82.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that TransUnion violated 15 U.S.C. § 1681i;

b) Awarding Plaintiff actual or statutory damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATIONS OF N.H. REV. STAT. § 359-B:7
## AGAINST TRANSUNION

83.     Plaintiff repeats and re-alleges each and every allegation above.

84.     TransUnion violated N.H. Rev. Stat. § 359-B:7 by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

85.      As a result of this conduct, action, and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

86.     TransUnion's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to N.H. Rev. Stat. § 359-B:16.

87.     In the alternative, it was negligent, entitling Plaintiff to recover under N.H. Rev. Stat. § 359-B:17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that TransUnion violated N.H. Rev. Stat. § 359-B:16;

b) Awarding Plaintiff actual or statutory damages, pursuant to N.H. Rev. Stat. § 359-B:16(I); N.H. Rev. Stat. § 359-B:17(I);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. § 359-B:16(III); N.H. Rev. Stat. § 359-B:17(II);

d) Awarding Plaintiff punitive damages, pursuant to N.H. Rev. Stat. § 1359-B:16(II);

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATIONS OF N.H. REV. STAT. § 359-B:11
## AGAINST TRANSUNION

88.     Plaintiff repeats and re-alleges each and every allegation above.

89.     TransUnion violated N.H. Rev. Stat. § 359-B:11 on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

90.     As a result of this conduct, actions, and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

91.      TransUnion's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to N.H. Rev. Stat. § 359-B:16.

92.     In the alternative, it was negligent, entitling Plaintiff to recover under N.H. Rev. Stat. §359-B:17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that TransUnion violated N.H. Rev. Stat. § 359-B:11;

b)   Awarding Plaintiff actual or statutory damages, pursuant to N.H. Rev. Stat. § 359-B:16(I); N.H. Rev. Stat. § 359-B:17(I);

c)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. § 359-B:16(III); N.H. Rev. Stat. § 359-B:17(II);

d)   Awarding Plaintiff punitive damages, pursuant to N.H. Rev. Stat. § 1359-B:16(II);

e)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATIONS OF 15 U.S.C. § 1681s-2(b)
## AGAINST NCA

93.      Plaintiff repeats and re-alleges each and every allegation above.

94.      NCA violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of the reporting of inaccurate information about Plaintiff to credit reporting agencies, and by failing to review all relevant information about same, by failing to accurately respond to Equifax and Trans Union.

95.      As a result of this conduct, action, and inaction of NCA, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

96.      NCA's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

97.      In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that NCA violated 15 U.S.C. § 1681s-2(b);

b)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d)  Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e)  Awarding such other and further relief as the Court may deem just and proper.

## <u>COUNT X</u><br><u>VIOLATIONS OF 15 U.S.C. § 1692e(2)(A)</u><br><u>AGAINST NCA</u>

51.    Plaintiff repeats and re-alleges each and every allegation above.

52.    NCA violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that NCA violated 15 U.S.C. § 1692e(2)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT XI**
**VIOLATIONS OF 15 U.S.C. § 1692e(8)**
**AGAINST NCA**

53.     Plaintiff repeats and re-alleges each and every allegation above.

54.     NCA violated 15 U.S.C. § 1692e(8) by communicating, in connection with an alleged debt in default, credit information that it knew, or should have known, to be false.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a)  Adjudging that NCA violated 15 U.S.C. § 1692e(8);

  b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

  c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

  d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT XII**
**VIOLATIONS OF 15 U.S.C. § 1692e(10)**
**AGAINST NCA**

55.     Plaintiff repeats and re-alleges each and every allegation above.

56.     NCA violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a)  Adjudging that NCA violated 15 U.S.C. § 1692e(10);

  b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT XIII**
**VIOLATIONS OF N.H. REV. STAT. § 358-C:3(VII)**
**AGAINST NCA**

98.   Plaintiff repeats and re-alleges each and every allegation contained above.

99.   NCA violated N.H. Rev. Stat. § 358-C:3(VII) through the material false representation or implication of the character, extent or amount of the debt, or of its status in any legal proceeding.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that NCA violated N.H. Rev. Stat. § 358-C:3(VII);

b)   Awarding Plaintiff statutory damages, pursuant to N.H. Rev. Stat. § 358-C:4(I)(a), in the amount of $200.00 per Defendant per violation;

c)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. § 358-C:4(I)(a);

d)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

e)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT XIV**
**VIOLATIONS OF N.H. REV. STAT. § 358-A**
**AGAINST NCA**

100.     Plaintiff repeats and re-alleges each and every allegation contained above.

101.     N.H. Rev. Stat. § 358-C:4(VI) provides that "[a]ny violation of the provisions of this chapter shall also constitute an unfair and deceptive act or practice within the meaning of RSA 358-A:2 . . . ."

102.     NCA violated N.H. Rev. Stat. § 358-A by employing unfair, deceptive or unreasonable collection practices in attempting to collect an alleged debt from the Plaintiff, as detailed above.

103.     WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)   Adjudging that NCA violated N.H. Rev. Stat. § 358-A;

   b)   Awarding Plaintiff the greater of actual damages or $1,000.00, pursuant to N.H. Rev. Stat. § 358-A:10(I);

   c)   Awarding Plaintiff as much as 3 times, but not less than 2 times, the greater of actual damages or $1,000.00;

   d)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action, pursuant to N.H. Rev. Stat. § 358-A:10(I);

   e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

   f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT XV
## VIOLATIONS OF 15 U.S.C. § 1692e(2)(A)
## AGAINST H&P

53.     Plaintiff repeats and re-alleges each and every allegation above.

54.     H&P violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that NCA violated 15 U.S.C. § 1692e(2)(A);

   b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT XVI
## VIOLATIONS OF 15 U.S.C. § 1692e(5)
## AGAINST H&P

55.     Plaintiff repeats and re-alleges each and every allegation above.

56.     H&P violated 15 U.S.C. § 1692e(5) by threatening, in connection with an alleged debt in default, to take an action that cannot legally be taken or that was not intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that NCA violated 15 U.S.C. § 1692e(8);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT XVII
## VIOLATIONS OF 15 U.S.C. § 1692e(10)
## AGAINST H&P

57.    Plaintiff repeats and re-alleges each and every allegation above.

58.    H&P violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that NCA violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT XVII**
**VIOLATIONS OF 15 U.S.C. § 1692g(a)**
**AGAINST H&P**

59.     Plaintiff repeats and re-alleges each and every allegation above.

60.     H&P violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff the written disclosures required pursuant to 15 U.S.C. § 1692g(a) in its initial communication or within five days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)     Adjudging that H&P violated 15 U.S.C. § 1692g(a);

b)     Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)     Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)     Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)     Awarding such other and further relief as the Court may deem just and proper.

**COUNT XIX**
**VIOLATIONS OF N.H. REV. STAT. § 358-C:3(VII)**
**AGAINST H&P**

104.     Plaintiff repeats and re-alleges each and every allegation contained above.

105.     H&P violated N.H. Rev. Stat. § 358-C:3(VII) through the material false representation or implication of the character, extent or amount of the debt, or of its status in any legal proceeding.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)     Adjudging that H&P violated N.H. Rev. Stat. § 358-C:3(VII);

b)  Awarding Plaintiff statutory damages, pursuant to N.H. Rev. Stat. § 358-C:4(I)(a), in the amount of $200.00 per Defendant per violation;

c)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. § 358-C:4(I)(a);

d)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

e)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT XX
## VIOLATIONS OF N.H. REV. STAT. § 358-A
## AGAINST H&P

106.  Plaintiff repeats and re-alleges each and every allegation contained above.

107.  N.H. Rev. Stat. § 358-C:4(VI) provides that "[a]ny violation of the provisions of this chapter shall also constitute an unfair and deceptive act or practice within the meaning of RSA 358-A:2 . . . ."

108.  H&P violated N.H. Rev. Stat. § 358-A by employing unfair, deceptive or unreasonable collection practices in attempting to collect an alleged debt from the Plaintiff, as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that H&P violated N.H. Rev. Stat. § 358-A;

b)  Awarding Plaintiff the greater of actual damages or $1,000.00, pursuant to N.H. Rev. Stat. § 358-A:10(I);

c)  Awarding Plaintiff as much as 3 times, but not less than 2 times, the greater of actual damages or $1,000.00;

d)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action, pursuant to N.H. Rev. Stat. § 358-A:10(I);

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT XXI**
**VIOLATIONS OF 15 U.S.C. § 1681s-2(b)**
**AGAINST KAY**

109.   Plaintiff repeats and re-alleges each and every allegation above.

110.   Kay violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of the reporting of inaccurate information about Plaintiff to credit reporting agencies, and by failing to review all relevant information about same, by failing to accurately respond to Equifax.

111.   As a result of this conduct, action, and inaction of Kay, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

112.   Kay's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

113.   In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Kay violated 15 U.S.C. § 1681s-2(b);

b)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

### COUNT XXII
### VIOLATIONS OF N.H. REV. STAT. § 358-C:3(VII)
### AGAINST KAY

114.    Plaintiff repeats and re-alleges each and every allegation contained above.

115.    Kay violated N.H. Rev. Stat. § 358-C:3(VII) through the material false representation or implication of the character, extent or amount of the debt, or of its status in any legal proceeding.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Kay violated N.H. Rev. Stat. § 358-C:3(VII);

b) Awarding Plaintiff statutory damages, pursuant to N.H. Rev. Stat. § 358-C:4(I)(a), in the amount of $200.00 per Defendant per violation;

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a);

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

e) Awarding such other and further relief as the Court may deem just and proper.

### COUNT XXIII
### VIOLATIONS OF N.H. REV. STAT. § 358-A
### AGAINST KAY

116.    Plaintiff repeats and re-alleges each and every allegation contained above.

117.    N.H. Rev. Stat. § 358-C:4(VI) provides that "[a]ny violation of the provisions of this chapter shall also constitute an unfair and deceptive act or practice within the meaning of RSA 358-A:2 . . . ."

118.    Kay violated N.H. Rev. Stat. § 358-A by employing unfair, deceptive or unreasonable collection practices in attempting to collect an alleged debt from the Plaintiff, as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that Kay violated N.H. Rev. Stat. § 358-A;

b)    Awarding Plaintiff the greater of actual damages or $1,000.00, pursuant to N.H. Rev. Stat. § 358-A:10(I);

c)    Awarding Plaintiff as much as 3 times, but not less than 2 times, the greater of actual damages or $1,000.00;

d)    Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action, pursuant to N.H. Rev. Stat. § 358-A:10(I);

e)    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)    Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

101.    Plaintiff is entitled to, and hereby demands, a trial by jury on all counts.


Respectfully submitted this 10th day of December, 2012.


Respectfully submitted,
**CHRISTINE BRADBURY**


By: /s/ John F. Skinner III
John F. Skinner III
NHBN: 19886
Skinner Law PLLC
ATTORNEYS FOR PLAINTIFF
530 Chestnut Street, 3rd Floor
Manchester, NH 03101
(603) 622-8100
(888) 912-1497 fax
JSkinner@AttorneysForConsumers.com

***Co-counsel with Weisberg & Meyers, LLC***

5025 N. Central Ave. #602
Phoenix, AZ 85012
Not admitted before this Court
ECF@AttorneysForConsumers.com